UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES R. McCAULEY,

                Petitioner,

    v.

M. CULLY, Superintendent

                Respondent.

DECISION & ORDER

06-CV-6380P

---

        Petitioner in the above-captioned case has applied to this Court for the appointment of counsel. (Docket # 9). Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Similarly, Rule 8(c) of the Rules Governing Section 2254 cases permits counsel to be appointed at any stage of the proceeding "if the interests of justice so require."

        Notwithstanding the court's authority to appoint counsel, it is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Appointment of counsel is within the judge's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death. In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. The petition is based on the following claims: (1) the prosecution violated the holding in *Batson v. Kentucky*, 476 U.S. 79 (1986) by purposefully excluding potential jurors based upon their race; (2) the trial court failed to instruct the jury relating to its consideration of circumstantial evidence; and (3) the prosecution improperly suggested to the jury that petitioner was a narcotics dealer. (Docket #1). It does not appear at this time that petitioner needs the assistance of counsel to present these claims, which appear to be claims that can be addressed and reviewed on the record before the Court.

Based on this review, petitioner's motion for appointment of counsel is denied without prejudice at this time. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       March  21 , 2007