UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES R. McCAULEY,

                Petitioner,

                                    **No. 06-CV-6380(VEB)**
   -vs-                         **DECISION AND ORDER**

M. CULLY, Superintendent,

                Respondent
_____

**I.    Background**

Petitioner *pro se* James R. McCauley ("McCauley" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of New York State Supreme Court, Monroe County entered April 15, 2003, convicting him, following a jury trial, of two counts of criminal possession of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the fourth degree, and one count of criminal possession of a weapon in the fourth degree. The parties have consented to final disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

On November 9, 2009, an Order (Dkt. #12) that had been mailed to petitioner at the address on file with the Clerk of Court, was returned to the Court as undeliverable. Local Rule of Civil Procedure 5.2(d) requires that a party, such as McCauley, who is proceeding *pro se*, "must furnish the Court with a current address at which papers may be served. . . . In addition, the Court must have a current address [of the *pro se* litigant] at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may

result in dismissal of the case with prejudice." Western District of New York Local Rule of Civil Procedure 5.2(d).

As it appeared that McCauley had failed to provide the Court with an address where papers may be served upon him, contrary to Local Rule 5.2(d), this Court subsequently issued an Order (Dkt. #14) on January 20, 2010, directing petitioner to provide the Clerk of the District Court with an address where papers may be served upon him <u>within 30 days of the date of this Order, that is, by Friday, February 19, 2010</u>. (Dkt. #14.). The Order stated that "[p]etitioner's failure to provide an updated address within the required time will result in this Court issuing a Decision and Order <u>dismissing the Petition with prejudice</u>." (Dkt. #14).

On January 29, 2010, the Order (Dkt. #14) was received at the District Court, marked "returned as undeliverable", with the notation, "not here, released 4/09; no forwarding address orders on file." (Dkt. #15).

For the reasons that follow, McCauley's habeas petition is dismissed for failure to comply with the Court's orders and for failure to prosecute.

**II.    Discussion**

Federal courts are vested with the authority of to dismiss a plaintiff's action with prejudice because of his failure to prosecute; this power, which is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" has a long history at common law and "has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) provides, in pertinent part as follows:

Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or

> to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b); *accord Link*, 372 U.S. at 620. The Supreme Court explained in *Link* that [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 372 U.S. at 630-31.

As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. *Failure to do so may result in dismissal of the case with prejudice.*" Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

Based on the return of the two Orders as undeliverable, it appears that McCauley has failed keep the Court informed as to his current address at which papers may be served, and has failed to comply with Local Rule 5.2(d) and this Court's Order directing him to provide an updated address. Although McCauley is a *pro se* petitioner and should be afforded greater leeway in regard to his compliance with the Court's procedural rules, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), his failure to comply with rule regarding updating his address "is no small matter." *Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL

911846, at *2 (N.D.N.Y. Mar. 22, 2007) (citing *Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications that communications between the clerk and the parties . . . will be conducted principally by mail.") (citations and quotation omitted in original)); *see also Michaud v. Williams*, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

The Second Circuit has instructed a district court contemplating dismissing a plaintiff's case under Rule 41(b), for failure to prosecute to consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d at 209.

This Court has evaluated the factors as set forth by the Second Circuit in *LeSane* and finds that dismissal is warranted. McCauley has known for years that, pursuant to Local Rule 5.2(d), he *must* promptly update his address whenever it changed, or risk having the action dismissed by this Court. As a *pro se* litigant, McCauley received a packet of information from the District Court Clerk advising him about the requirements of all of the Local Rules, including Local Rule 5.2(d). The Court notes that McCauley's inaction and failure to update his address

have spanned almost a year–according to New York State Department of Correctional Services Inmate Locator website, McCauley was released to parole on April 8, 2009. It appears that McCauley, upon being released, never contacted the Court to provide an updated address since the only address the Court has on file is Wyoming Correctional Facility.

In addition to apparently lacking an interest in pursuing the lawsuit he instituted, McCauley has failed to comply with this Court's Order and Local Rule 5.2(d) thereby frustrating the Court's ability to correspond with him. Under the circumstances here, the Court finds it would be futile to make any further attempts to contact McCauley and that dismissal of his petition for non-compliance with the Court's orders and Local Rules of Civil Procedure. *See Jackson*, 2007 WL 911846, at*2 (dismissing habeas petition *sua sponte* based on petitioner's failure to update address according to district's local rule of civil procedure and previous court order) (citing *Bottom v. Cooper*, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005)).

### III.    Conclusion

Given the law and the facts of this case as discussed above, the Court believes that dismissal is an appropriate sanction for McCauley's failure to update his address as required by Local Rule 5.2(d) and as directed by a previous Order of this Court. Accordingly, McCauley's petition (Dkt. #1) is dismissed with prejudice. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: February 22 , 2010
Rochester, New York